1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  ANTONIO CANDELARIO,                           CASE NO. 1:09-cv-00763-LJO-GBC PC

10                        Plaintiff,            FINDINGS AND RECOMMENDATIONS
                                                RECOMMENDING DISMISSAL OF ACTION,
11        v.                                    WITHOUT PREJUDICE, FOR FAILURE TO
                                                PROSECUTE
12  B. BURBEGER,

13                        Defendant.
    _____/

14

15        Plaintiff Antonio Candelario ("Plaintiff") is a former state prisoner proceeding pro se and in

16  forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on

17  April 29, 2009.  On September 9, 2010, the Court issued an order reassigning the case, and on

18  September 28, 2010, the order was returned by the United States Postal Service as undeliverable,

19  unable to forward.

20        Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep the

21  Court apprised of his or her current address at all times.  Local Rule 183(b) provides, in pertinent

22  part:

23        If mail directed to a plaintiff in propria persona by the Clerk is
          returned by the U.S. Postal Service, and if such plaintiff fails to notify
24        the Court and opposing parties within sixty-three (63) days thereafter
          of a current address, the Court may dismiss the action without
25        prejudice for failure to prosecute.

26  In the instant case, more than sixty-three days have passed since Plaintiff's mail was returned, and

27  he has not notified the Court of a current address.

28  ///

1

1    "In determining whether to dismiss an action for lack of prosecution, the district court is

2    required to consider several factors: '(1) the public's interest in expeditious resolution of litigation;

3    (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

4    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

5    sanctions.'" Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting Henderson v. Duncan, 779

6    F.2d 1421, 1423 (9th Cir. 1986)).  These factors guide a court in deciding what to do, and are not

7    conditions that must be met in order for a court to take action.  In re Phenylpropanolamine (PPA)

8    Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

9        In this instance, Local Rule 183(b) provides for the dismissal of an action based on returned

10   mail.  Given the Court's inability to communicate with Plaintiff, dismissal is warranted and there

11   are no other reasonable alternatives available.  See Carey, 856 F.2d at 1441.

12       Accordingly, based on the foregoing, the Court  HEREBY RECOMMENDS that this action

13   be dismissed in its entirety, without prejudice, for Plaintiff's failure to prosecute.

14       These findings and recommendations will be submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within thirty (30)

16   days after being served with these findings and recommendations, Plaintiff may file written

17   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

18   Findings and Recommendations."  Plaintiff is advised that failure to file objections within the

19   specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d

20   1153 (9th Cir. 1991).

21       IT IS SO ORDERED.

22

Dated:    December 14, 2010

23                                                     UNITED STATES MAGISTRATE JUDGE

24

25

26

27

28